**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Janette Tory,

Plaintiff,

v.

Walmart Incorporated, *et al.*,

Defendants.

No. CV-24-02710-PHX-JJT

**ORDER**

At issue is Defendant Walmart Inc.'s Motion for Summary Judgment (Doc. 48, MSJ) supported by a Statement of Facts (Doc. 49, DSOF), to which Plaintiff Janette Tory filed a Response (Doc. 52, Resp.) supported by a Statement of Facts (Doc. 53, PSOF) and Controverting Statement of Facts (Doc. 54, PCSOF), and Defendant filed a Reply (Doc. 56, Reply). Upon review of the briefs, the Court finds it appropriate to resolve the Motion without oral argument. *See* LRCiv 7.2(f).

## I. BACKGROUND

On June 6, 2022, Plaintiff went into a store operated by Defendant Walmart in Phoenix, Arizona, to purchase a rug. The rug display consisted of rolled rugs "stored on an upper shelf with a long, thin metal bar at the front of the shelf" called a "rug stopper." (PSOF Ex. 1, Tory Decl. ¶¶ 8, 9.) Plaintiff avers that when she lifted a rolled rug off the shelf, "the metal rug stopper suddenly detached from the shelf," fell, and struck Plaintiff's left foot, causing her "serious injury." (Tory Decl. ¶¶ 10, 11, 25.) Plaintiff immediately photographed the rug stopper on the floor before moving or touching it. (Tory Decl. ¶ 15.)

The rug stopper had a "metal screw located in the center of the thin metal strip." (Tory Decl. ¶ 17.)

Plaintiff filed this action in Arizona state court and Defendant removed it based on diversity jurisdiction under 28 U.S.C. § 1332. In the Complaint (Doc. 1 at 30–37, Compl.), Plaintiff raises claims of (1) negligence, (2) premises liability, and (3) negligent hiring, training, and/or supervision. Defendant now seeks summary judgment on all of Plaintiff's claims against it.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 232. When the moving party does not bear the ultimate burden of proof, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party carries this initial burden of production, the nonmoving party must produce evidence to support its claim or defense. *Id*. at 1103. Summary judgment is appropriate against a party that "fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

## III. ANALYSIS

Plaintiff claims she was injured as a result of Defendant's negligence. Although Plaintiff pleads them as two separate claims, under Arizona law, premises liability is simply a species of negligence and subject to the same elements, namely, "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). The parties do not dispute that a business open to the public has a duty "to conform to a particular standard of conduct in order to protect [invitees] against unreasonable risks of harm." *Id.* The parties dispute whether Plaintiff has produced enough evidence to demonstrate the second element, that is, whether Defendant breached the standard of care reasonable under the circumstances "in light of the known and foreseeable risks." *See Markowitz v. Ariz. Parks Bd.*, 706 P.2d 364, 366 (Ariz. 1985).

Plaintiff's evidence of Defendant's breach comes primarily from her own observations after the rug stopper fell on her foot. She essentially theorizes that, because the rug stopper fell, Defendant must have been negligent. However, that theory is unsupported by any particular evidence of Defendant's breach of an applicable standard of

care in light of known and foreseeable risks. First, Plaintiff produces no evidence of a faulty rug stopper design or installation. For its part, Defendant produces evidence from a biomechanics and accident reconstruction expert, who conducted tests using an exemplar rug stopper and conducted a site visit to the store. (DSOF Ex. 3, Stone Report.) The expert was unable to replicate the incident through her own manipulation of the rug stopper when attached to the shelf. (Stone Report.) Plaintiff produces no controverting evidence, from an expert or otherwise, arguing instead that an expert is not required to provide evidence of adequate shelf design or rug stopper installation. (Resp. at 10.) But she offers no evidence, expert or otherwise, as to how or why the rug stopper fell. While a breach of the standard of care reasonable under the circumstances may be established by circumstantial evidence in some instances, as Plaintiff argues (Resp. at 10), Plaintiff must provide *sufficient probative* evidence from which a reasonable jury can conclude Defendant breached the standard of care. Plaintiff fails to do so here. Specifically, evidence that the rug stopper fell together with evidence it had a screw in it is not sufficient to show Defendant somehow breached an applicable standard of care.

Relatedly, Plaintiff produces no evidence from which a reasonable jury could conclude the fall of the rug stopper was foreseeable such that Defendant should have taken action, for example to change its design or further reinforce it. Plaintiff has proffered no evidence a rug stopper has fallen before, and indeed Defendant produces evidence that there have been no previous reports of incidents with rug stoppers falling. Plaintiff attempts to rely on the fact that Defendant conducts "bump tests" on rug stoppers, which she argues is "intended to account for the foreseeable reality that 'someone is going to bump into them.'" (Resp. at 9–10.) But tests are conducted to prevent part failures. The fact that Defendant is aware that its customers bump into its shelves, and in particular the rug stoppers, and thus conducts tests on them actually shows Defendant acts to make sure rug stoppers are secure; it is not probative evidence to show that Defendant knows rug stoppers as installed and tested will still fall. In other words, Defendant's bump tests do not demonstrate a breach of the standard of care.

Likewise, Defendant's use of a screw to secure certain rug stoppers on a case by case basis does not demonstrate Defendant knew or should have known a rug stopper as installed and tested would fall. Again, Plaintiff has produced no evidence that the rug stopper design or installation, with or without the screw, was faulty or that a rug stopper fall was foreseeable to Defendant. The fact that a rug stopper did fall is simply not enough to show Defendant's breach of the standard of care.[1]

The parties both discuss the fact that Plaintiff's photo of the fallen rug stopper, taken immediately after it fell, is in a position that shows it spun 180 degrees around a vertical axis, which in Defendant's view would be impossible if the rug stopper fell from its installed position. (Mot. at 6; Resp. at 13–14.) If anything, the Court agrees that this evidence is probative to a finding that the rug stopper did not fall from its installed position, but it is not evidence on which Plaintiff can rely to show notice to Defendant or Defendant's breach of the standard of care.

In sum, with regard to Plaintiff's two claims of negligence, aside from the fact that the rug stopper fell on Plaintiff's foot in the first place, Plaintiff has failed to produce any probative evidence from which a reasonable jury could conclude that Defendant breached the standard of care reasonable under the circumstances in light of known and foreseeable risk of a rug stopper fall. As for Plaintiff's third claim, she produces no evidence whatsoever to show Defendant engaged in negligent hiring, training, or supervision. Accordingly, Defendant is entitled to summary judgment on all of Plaintiff's claims against it.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 48).

. . .

. . .

. . .

. . .

[1] Plaintiff does not plead or argue a theory of *res ipsa loquitur* here, nor do the circumstances support such a theory.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor of Defendant and to close this case.

Dated this 31st day of August, 2026.

Honorable John J. Tuchi
United States District Judge